```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

GANIU LADEJOBI

VS.                                  CRIMINAL NO. 3:94CR129LN

UNITED STATES OF AMERICA

<u>ORDER</u>

This cause is before the court on the motion of defendant Ganui Ladejobi for resentencing pursuant to 18 U.S.C. § 3582(c)(2). Having considered the motion, and the record in this case, the court concludes for the reasons which follow, that the motion is not well taken and is due to be denied.

On December 21, 1994, Ladejobi, along with four others, was indicted in a multi-count indictment for violations of 21 U.S.C. §§ 846 and 841(a). Following his conviction by a jury, the court sentenced defendant to a 262-month term of imprisonment as to the conspiracy count and a 240-month term as to the distribution of cocaine count, to run concurrently. As defendant was determined to be a career offender, his sentence was calculated in accordance with U.S.S.G. § 4B1.1[1], giving him a base offense level of 34 with a criminal history category of VI.

---

[1] Section 4B1.1 provides: "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

Both Ladejobi's appeal and § 2255 motion were unsuccessful.

By his current motion, defendant urges that he should be resentenced under § 3582(c)(2), which allows a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines.  This being said, the court may reduce the sentence, only if such a reduction is consistent with the policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).  Here, the relevant policy statement, USSG § 1B1.10(a)(2)(B), provides as follows:

> (a) Authority:
>
> (2) Exclusions–A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if
>
> * * *
>
> (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.

Because his sentence was calculated under § 4B1.1, the amendment upon which Ladejobi relies did not have the effect of lowering his guideline range, and thus, the court has no authority to reduce his sentence. United States v. Blake, 2008 WL 4747215, *2 (S.D. Tex., Oct. 28, 2008) (collecting cases and observing that "courts have held that a defendant sentenced as a career offender is ineligible for a reduced sentence under Amendment 706

2

because it has no effect on the Guideline range. Although the Amendment lowered base offense levels, if the final offense level was determined by § 4B1.1, the career offender guideline, Amendment 706 did not alter the sentencing range. As a result, the courts have held that district courts lack authority to reduce such sentences").

It is therefore ordered that defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED, this the 2nd day of April, 2009.


      /s/Tom S. Lee
      UNITED STATES DISTRICT JUDGE